# CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY *v.* KYLE.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 194.    Argued March 18, 1913.—Decided April 7, 1913.

Nebraska Live Stock Speed Law sustained on authority of *Chicago, Burlington & Quincy Ry. Co.* v. *Cram,* ante, p. 70.

THE facts, which involve the constitutionality of the Nebraska freight speed law, are stated in the opinion.

*Mr. Halleck F. Rose,* with whom *Mr. James E. Kelby* and *Mr. John F. Stout* were on the brief, for plaintiff in error.

*Mr. E. J. Clements,* with whom *Mr. S. H. Cowan* was on the brief, for defendants in error.

Mr. Justice McKenna delivered the opinion of the court.

This case also involves the validity of the statute of Nebraska which was considered in *Chicago, Burlington & Quincy Railroad Co.* v. *Cram*, No. 193, and was submitted at the same time with that case.

The cause of action was based on the ground of prolongation in the transportation beyond the statutory schedule of five cars of cattle from Palmer, Nebraska, to South Omaha, in the same State, which were delivered to the railroad September 6, 1905. It was alleged that the time of transportation was for a period of nine hours "over the time allowed by law in that behalf," and that by failure to transport the cattle "within a reasonable time and within the time allowed by law for that purpose," the plaintiff was damaged in the sum of $450, which was the statutory rate of $10 per hour.

The answer filed by the railroad company to the petition alleged that the shipment was made pursuant to a contract in writing and that the cattle were transported and delivered as contracted for without any fault or negligence on its part. The answer also denied the allegations of the petition. A replication was filed to the answer.

The case was tried to a jury, which rendered a verdict for Kyle, upon which judgment was entered. It was affirmed by the Supreme Court of the State for the reasons stated by the court in *Cram's Case*.

The case was submitted to the jury upon the evidence of the plaintiff, the railroad company offering no testimony. There was no proof that there was actual injury or damage done to the shipper by the alleged delay in transportation. The statute was the sole basis of the claim in the suit. The court instructed the jury that if the time exceeded that provided for by the statute under the conditions expressed by the statute, they should find for the

complainant; otherwise, for the defendant. The railroad company requested explicit instructions against the recovery by the plaintiff of any sum.

The contentions are the same as in *Cram's Case,* and upon the authority of its decision the judgment in this case is

*Affirmed.*